**△ UNITE HERE Fund Administrators**

*An Affiliate of Amalgamated Life*



*UNITE HERE Fund Administrators, Inc.*

730 Broadway
New York, NY 10003-9511
212-539-5000
fax: 212-387-0710

February 29, 2008

**MEMO ENDORSED**

**VIA FACSIMILE**

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street - Room 755
New York, New York 10007

> Re: Laundry, Dry Cleaning Workers and Allied Industries Health Fund,
> UNITE HERE!, et al. –v.- Linens of Europe, Inc., etc.
> --- 07-CV-6970(LTS)

Dear Judge Swain:

We represent the petitioners in the above-referenced proceeding to confirm an arbitration award for employer contributions owing to ERISA-defined employee benefit plans. As required by the Court's February 19, 2008 Order to Show Cause, and for the following reasons, we are writing to show cause why this proceeding should not be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The proceeding was commenced on August 3, 2007 by the filing of the Petition to Confirm an Arbitration Award ("Petition"). Thereafter, on August 24, 2007, petitioners filed the Notice of Petition to Confirm Arbitration Award ("Notice") and the Memorandum of Law in support thereof. On August 23, 2007, petitioners served the Notice, Petition and supporting brief on respondent. On August 31, 2007, the Court issued its Order Scheduling Initial Pretrial Conference which scheduled an initial conference for November 30, 2007 and ordered that, in the event respondent failed to file and serve a timely response to the petition and did not consent affirmatively to a grant of the relief sought, petitioners were to promptly serve on respondent and file with the Court a written application for confirmation, including an affidavit confirming that the petition was timely filed, that the award that is the subject of the application had not been vacated or modified and that no application for such relief was pending, and the papers enumerated in 9 U.S.C. § 13. Petitioner served a copy of the August 31, 2008 Order on respondent on September 4, 2007.

On October 2, 2007, petitioners caused the Clerk of the Court to issue a Clerk's Certificate certifying that the docket entries indicate that the respondent did not appear, answer or otherwise move with respect to the Petition and noting the default of the respondent. On October 19, 2007, petitioners submitted a letter to the Court enclosing a

Honorable Laura Taylor Swain
February 29, 2008
Page 2

copy of the Clerk's Certificate and requesting permission to file an application for a default judgment. Thereafter, Sean Young of your Honor's Chambers advised the undersigned that the Court had received the October 19 request and referred petitioners to the August 31, 2007 Order. Petitioners thereafter filed an application for a Default Judgment with the Judgment Clerk's Office on November 26, 2007 and delivered a courtesy copy to Chambers. The default judgment was served on respondent on November 21, 2007.

While the affidavit in support of the default judgment application included the papers enumerated in 9 U.S.C. § 13 as exhibits and as required by the Court's August 31 Order, the affidavit inadvertently did not include averments that the petition was timely filed, that the award that is the subject of the application had not been vacated or modified and that no application for such relief was pending. Enclosed with the instant letter is an affidavit supplementing the default judgment application to comply with your Honor's rules and the August 31 Order.

We sincerely apologize to your Honor and the Court for any inconvenience that the inadvertent delay in submitting the enclosed affidavit may have caused the Court, and respectfully request that the proceeding not be dismissed for failure to prosecute. Petitioners have prosecuted the instant proceeding by obtaining the Clerk's Certificate of Default on October 2, 2007, submitting the October 19, 2007 letter to the Court requesting permission to file a default judgment, submitting the default judgment application on November 26, and by submitting the enclosed supplemental affidavit. As recently as February 4, 2008, the undersigned spoke with Mr. Young of your Honor's Chambers and advised that the undersigned had been absent from the office on paternity leave, and requested permission to submit the required affidavit upon his return to the office. Mr. Young suggested that this course of action was acceptable.

Given the foregoing, petitioners respectfully request that the Court consider the enclosed affidavit, and not dismiss the instant proceeding. Petitioners further respectfully request that the Court enter the Default Judgment submitted to the Judgment Clerk's Office on November 26, 2007.

Honorable Laura Taylor Swain
February 29, 2008
Page 3

    Again, we sincerely apologize to your Honor for any inconvenience caused the Court. The Court's considerations are appreciated.

Respectfully submitted,

*[signature]*

David C. Sapp (DS5781)

Enclosure
cc(w/encl): Linens of Europe, Inc., Linens of Europe New York, Inc. and S Duran L

*The Order to show Cause is deemed satisfied.*

SO ORDERED.

*[signature]* 3/6/08

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE