JUDGE COPY

COURTESY COPY

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 07 2008

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! and LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!,
Petitioners,

and

LINENS OF EUROPE, INC., LINENS OF EUROPE NEW YORK, INC. AND S DURAN L, as a single employer,
Respondent.

**PETITION TO CONFIRM ARBITRATION AWARD**

07 civ 6970 (LTS)

RECEIVED
AUG 0 - 2007
U.S.D.C. S.D. N.Y.
CASHIERS

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

The Petition of the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners" or "The Funds"), by their attorney Mark Schwartz, Esq., respectfully show to this Court and alleges that:

1. I am Counsel to Petitioners herein, and am duly admitted to practice law before the courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioners' application for an order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated June 29, 2007.

2. The Funds, with their sole office at 275 7th Avenue, New York, New York 10001, are employee benefit plans within the meaning of Section 3 (3), of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3). The Funds are established pursuant to an Agreement and Declaration of Trust and by a Collective Bargaining Agreement entered into between the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE (hereinafter, the "Union"), and employers engaged in the cleaning and dyeing industry. The Funds were created to provide benefits to eligible employees of contributing employers.

3. Linens of Europe, Inc., Linens of Europe New York, Inc. and S Duran L, as a single employer (hereinafter, the "Respondent"), 223 East 141st Street, Bronx, New York 10451, is a party to a Collective Bargaining Agreement and Supplemental Agreement ("the CBA") thereto, with the Union. The CBA obligates the employer to contribute to the Funds, based upon stated percentages of its gross payroll and to submit to the Funds premiums on behalf of eligible spouses of employees covered by the CBA.

The within petition, as supplemented in connection with the application for entry of default judgment, is granted.

SO ORDERED.

[signature] 3/6/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4. A dispute has arisen concerning Respondents' obligation for delinquent contributions owed to the Funds. The Funds allege that the Respondent owes contributions to the Funds for the period from January 28, 2007 – June 29, 2007 in the amount of $28,655.22.

5. Pursuant to the CBA, the dispute was referred to the Arbitrator for arbitration on June 29, 2007.

6. Prior to the arbitration the Petitioners served a subpoena upon the Respondent directing it to produce its payroll records. The Respondent failed to produce its books and records or to appear at the arbitration hearing.

7. At the June 29, 2007 Arbitration, Petitioners presented the following evidence to Arbitrator Ross:

> a. The provisions of the CBA obligating Respondent to make employee benefit contributions to Petitioners and produce books and records obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;
>
> b. The Notice of Arbitration Hearing, which was served on Respondent on June 6, 2007;
>
> c. A subpoena duly served on Respondent on June 6, 2007 requesting Respondent to produce all books and records necessary to compute the exact sum owing to Petitioners by Respondent; and
>
> d. A summary of the delinquent contributions sought in the arbitration, which stated the payroll for the period of delinquency, the contribution rate and the calculation of the delinquent contributions due, interest, liquidated damages, Auditor's fees and cost and legal fees thereon. The exhibit established that the period for which the Award was sought was January 28, 2007 – June 29, 2007 for a total liability of $35,638.68 which was awarded by the Arbitrator.

8. As the record presented to the Arbitrator is a sufficient basis for the Award, the instant petition complies with the standard for petitions to confirm established in D.H. Blair & Co., Inc. -v.- Gottdiener, 462 F.3d 95 (2d Cir. 2006).

9. After considering the evidence presented at the hearing, the Arbitrator, issued an Arbitration Award directing the Respondent to pay the delinquent contributions in the amount of $28,655.22, plus interest in the sum of $1,120.42, liquidated damages in the sum of $5,731.04, Auditor's fees and costs in the sum of $32.00, and legal fees in the sum of $100.00 for a total award of $35,638.68 (hereinafter, the "Arbitration Award"). A copy of the Arbitration Award is annexed hereto as **Exhibit A**.

10. On July 12, 2007, the Petitioners served a copy of the Arbitration Award on Respondent, by regular mail and an additional copy by certified mail return receipt requested, No. 7006 2150 0000 7942 6610.

11. To date, Respondent has failed to satisfy any part of the Arbitration Award.

12. As a result of Respondent's failure to abide by the Arbitration Award, the Funds now seek judicial enforcement thereof. As more fully demonstrated in the annexed Memorandum of Law, this Court has jurisdiction over Respondent.

13. A copy of the Funds' Plan Rules is annexed hereto as **Exhibit B**. The Plan Rules provide for interest at the rate 18% per annum and for liquidated damages at the rate of 20% on the delinquent contributions. This is in accordance with ERISA Section 502 (g) (2), 29 U.S.C. § 1132 (g) (2), which provides for interest, liquidated damages, costs and attorneys' fees in actions to recover delinquent contributions. Accordingly, the Arbitrator awarded interest and liquidated damages at such rates through the date of Arbitration Award.

**WHEREFORE**, your Petitioners pray for an order confirming the Arbitration Award, and directing the entry of judgment in the amount of $35,638.68 together with interest and liquidated damages from the date of the Arbitration Award to the date of judgment, together with the costs incurred, in connection with this Petition.

Dated: August 1, 2007
New York, New York

Mark Schwartz - MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275